The opinion of the Court was delivered by
Wardlaw, A. J.
The District Judge, under the powers which are conferred upon him by the seventh section of the Act of September, 1866, (13 Stat. 888,) and the second section of the Act of December, 1866, (13 Stat. 493.) quashed the indictment in this case, as he expresses it, that is, he refused to grant an order for docketing it. So far he exercised a discretion entrusted to him, and we suppose did so with j ust regard to the considerations which should render “ a prosecution not advisable.” At any rate no appeal lies from his judgment in this regard. (Ex parte Bell, 14 Rich. 9.) But he went further, and, justified as he supposed by the seventh section of the Act of September above cited, ordered the prosecutor to pay the costs. This order we think was beyond his competency, and although it may not be, under the District Court Acts, properly a subject of appeal, as it may be the subject of prohibition for usurpation of jurisdiction, we will offer some remarks *363 on it, and on the reason given for it, — that a clog is not the subject of larceny, — which may prevent some of the appeals from the District Courts, with which this Court is oppressed.
The seventh section above mentioned is part of an Act which required a grand jury for the District Court, (sec. 21,) and its mention of terms and conditions has reference chiefly, if not altogether, to the person accused, and certainly does not embrace costs to be imposed upon the prosecutor ; for the twenty-first section in case of acquittal, authorizes “the Judge before whom the trial shall be had, if he has become satisfied during the trial that the prosecution was without probable cause, to order that the prosecutor shall pay the costs of the prosecution, for which the Clerk shall issue execution.” This contemplates a trial after the supervision of the Judge and finding of the jury, a judgment upon the whole ease fully heard, and process of execution, not an order, upon an examination had, with or without witnesses as the Judge may please, to be enforced only by continuing the prosecution, if the terms and conditions should not be complied with.
The authorities which the District Judge has cited are weighty enough to induce doubt in my mind, for they clearly show that although the common law recognizes a qualified property in a dog sufficient for a civil suit, it considers all dogs, like monkeys and parrots, of no intrinsic value, prized only from whim or for sport, and therefore too inconsiderable to give occasion for the punishment of the criminal law. Our Statute law, however, recognizes property in dogs when it subjects the owner of a dog to damages of double value of the sheep killed by such dog, (12 Stat. 826,) and when it imposed taxes on dogs as property, (Acts to raise supplies 1860, 1866,) and in the Criminal Law Act of December, 1866, (13 Stat. 407, § 14,) there seems to have been an intention to extend the crime of larceny to every species of property which may be *364 feloniously taken and carried away. After goods, chattels, choses in action, and articles of personalty, of which at the time the Act was passed, larceny might have been committed, are specially mentioned “all domesticated animals,” and further, “animals ferae natures which have in any degree been subjected to the control of any owner,” (surely embracing dogs,) “of all growing crops or parts thereof, of all annual products of the soil, whether severed from the soil or not, and of such fixtures and parts of the soil as were severed from the soil by an unlawful act below the value of twenty dollars.” A simple larceny of any of these things is made a misdemeanor, and considered a petit .larceny. In this case the dog was alleged to have been of value less than twenty dollars, and we think that the stealing of him has been made petit larceny. What is now the law in case a stolen dog was of value above .twenty dollars, is not clear; any more than is the law in .case of lead or pipes above the value of twenty dollars, severed from a house by the act of stealthy asportation.
We leave the case in the hands of the Solicitor.
Appeal dismissed.
DüNKIN, C. J., and Inglis, A. J., concurred.

Appeal dismissed.